KENNON, Judge.
Alleging that she had acquired a certain 2-1/2 acre tract of land, and the house located thereon, as a portion of a 58 acre tract of land deeded to her on February 18, 1946 'by C. M. Thomason, Sr., and that this 2-1/4 acre tract was being claimed by one C. M. Thomason, Jr. by virtue of a subsequent deed from C. M. Thomason, Sr.,' plaintiff filed suit against both parties asking that her' ownership of the described 2-^4 acres of land be recognized.
In the alternative, and in the event the Court should find that the 2-J4 acre tract was not covered by the February 18, 1946 deed, plaintiff prayed that the deed, be reformed so as to include same in accordáríce with the intent of the parties. She further prayed that the deed from C. M. Thomason, *911 Sr. to C. M. Thomason, Jr. be declared a simulation and void. -
Defendant C. M. Thomason, Sr. denied that the 2acre tract was included in the sale of the 58 acres to plaintiff, and set forth that he had sold the 2-1,4 acre tract to his son for a valuable consideration. C. M. Thomason, Jr. in his answer asserted his own claim to the 2-1,4 acre tract by virtue of 'the deed from his father. Both prayed that plaintiff’s demands he rejected.
The District Court gave judgment , for plaintiff. Defendants appealed.
The deed over which the controversy arises is in the usual form and contains the following description: “Fifty eight (58) acres of land more or less together with all buildings and improvements thereon located and situated in the Southeast Quarter of the Northwest Quarter (SE]4 of NW%), .and the northeast quarter of the southwest quarter (NE^ of SW%J and the Southwest quarter of the northeast quarter of Section 23, Township 9 North, Range 8 West, and more particularly described as bounded on the north by Eli Stephens and Delrio, east by Pridgen, south by Breedlove and west by Thomason Estate.”
The 2-]4 acre tract in controversy is a part of a 58 acre tract owned by the defendant, Thomason,. Sr.-, which formed a single tract but lay partly in each of the four central “forties” of the above mentioned Section 23. The 2-]4 acre tract is in the NWy4 of SEj4 of the above, listed Section 23, the remainder of the 58 acre tract lies partly in each of the other three of the four central “forties.”
The description insofar as it describes the land as being located in the three above listed “forties” does not include the 2-1,4 acre tract. However, a study of the sketch and an examination of the testimony shows that the description of the land in the deed “as bounded on the north by Eli Stephens and Delrio, east by Pridgen, south by Breed-love and west by Thomason Estate” would include the 2-1/4 acre tract since same is a part of the 58 acres so described by bounds, and the 2-y4 acre portion is bounded on the east by land belonging to Pridgen. Had the tract sold plaintiff not included the 2-1/4 acres, the east boundary would, have, include ed this retained Thomason tract. . ...
The District-Court based'-its judgment in favor of plaintiff on the grounds that' both parties at the time of the transaction intended that-the 2-1/4 acre tract be'included, and upon the further finding that the defendant, C. M. Thomason, Jr., was not an innocent third party purchaser on the faith of the public record. The evidence, although conflicting on some points, atnply supports these findings of the District Court. Thomason, Sr. had purchased only 66 acres of land. He had sold eight acres to one John Jeter, leaving him 58 ácres, the exact acreage set forth in the deed to plaintiff. Prior to the sale of his property, C. M. Thorriason, Sr. went over the boundaries with plaintiff,' and showed the house site 2-1/4" acres as a part of the 58 acre tract being offered to her. Plaintiff’s principal reason for making the purchase was to provide a home for her daughter and son-in-law. At the time the deed was passed, Thomason agreed to vacate the premises in thirty days and did so shortly after this time passed. After staying a short time in Leesville, Louisiana, he returned, and paid rent to occupy a place within' a few miles of the house which he claimed was retained by him in the sale to plaintiff.
The case of Owens v. Owens et al., 16 La.App. 588, 135 So. 87, involves the two points of law presented by the case before us. In that case the plaintiff s.ought to reforpi an authentic act of sale which erroneously described a tract of ground purchased by plaintiff from one of the defendants as the .west half of a specified Lot 4, when in fact the vendor intended to sell and vendee to purchase the entire Lot 4. In that case — as in the case before us — the original .vendor transferred the- controversial portion of the property to his .son. In that case this Court held (see authorities there cited) that deeds will be corrected where the evidence shows clearly the error complained of. This case reiterated the principle that relief against such.errors *912 cannot be granted when, by doing so, the rights of bona fide third parties would be prejudiced. With reference to what constituted good or bad faith in such matters, the Court stated that no inflexible rule can be laid down and each case must depend largely upon its own facts and circumstances.
In the case before us, the. record discloses that young Thomason had full knowledge of the claims of plaintiff; that he had endeavored to raise money in order to purchase from plaintiff the tract in controversy ; that, in 1948, he caused a supplementary assessment to be made on the 2-i/£ acre tract for the years 1946 and 1947, obviously for the purpose of building up his claim to title. No cash consideration was given at. the time the deed was passed, both parties stating that the consideration consisted of various advances made at different times by young Thomason to his father.
The testimony discloses a multitude of other circumstances and actions leading to the conclusion that the , 2-^4 acre tract was a portion of the land bargained for by plaintiff and intended by both parties to be included in the February. 18, 1946 deed, and that Thomason, Jr. was not a bona fide purchaser, and there was a concert of effort on the part of the two defendants to wrongfully deprive plaintiff of the 2-i/£ acre tract.'
Defense counsel, in brief, makes the contention that the suit “compares more closely to a suit for the diminution' of a price by asking that more land and improvements be added” and that consequently the prescription of one year under Article 2498 of the Civil Code is applicable, and that the exception of no cause or right of action should be sustained. Our appreciation of the case isi that it is one for reformation of a deed and that the codal article relative to a suit for the diminution of price is not applicable.
The judgment'appealed from is affirmed, with costs. ■ •